```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

NATIONAL INDEPENDENT PHARMACY    )
COALITION,                       )
                                 )
     Plaintiff,                  )
                                 )  No. 3:05-1088
v.                               )  JUDGE ECHOLS
                                 )
AMERICAN PHARMACY COOPERATIVE,   )
INC.,                            )
                                 )
     Defendant.                  )

## MEMORANDUM

Pending before the Court is the Motion to Transfer (Docket Entry No. 9) filed by Defendant American Pharmacy Cooperative, Inc. ("APCI"), to which the Plaintiff, National Independent Pharmacy Coalition ("NIPC"), has responded in opposition. This case was initially filed in the Chancery Court for Davidson County, Nashville, Tennessee. Defendant APCI removed the case to this Court and now seeks a change of venue to the Northern District of Alabama for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

## I. FACTS

The following allegations are taken from the Complaint. NIPC is a non-profit corporation organized under Tennessee law with its principal place of business in Nashville, Tennessee. Defendant APCI is an Alabama for-profit corporation authorized to do business in Tennessee. It acts as a cooperative, assisting pharmacists in

1

purchasing medications in bulk for retail sale and negotiating refunds for the pharmacists based on the volume of medications purchased. The refunds are distributed monthly to pharmacy members.

NIPC was historically related to the Tennessee Pharmacy Cooperative Incorporated ("TPC"), a Tennessee corporation. In 2004 APCI purchased essentially all of the assets of TPC in Tennessee. Approximately 480 members of TPC became members of APCI. Plaintiff NIPC and its assets were not acquired by APCI. NIPC retains a separate Board of Directors from APCI, and its books and records are separate and independent. At the time of APCI's merger with TPC, the parties did not reach a written contract governing their relationship.

Before and after the merger, NIPC engaged in legislative and legal advocacy on behalf of pharmacists, who joined NIPC as members and authorized TPC to deduct monthly dues of $50.00 from their medication purchase refunds. APCI managed the receipt and disbursement of NIPC funds from its offices in Birmingham, Alabama. An employee of APCI maintained NIPC's books and records and had possession of NIPC's banking records and checkbook.

Plaintiff NIPC alleges that, without any agreement authorized by the board of either party, APCI made assignments of overhead and expenses to NIPC, routinely making such charges based on arbitrary and sometimes irrational percentages of APCI's own expenses. In

2

September 2005 NIPC requested and received its checkbook and other records from APCI. Discussions ensued about formalizing the relationship between the two entities, but those discussions failed to produce an agreement. APCI continued to collect and set aside dues which had previously been designated by pharmacists for NIPC. APCI notified pharmacists in November 2005 that it would no longer collect those funds. NIPC alleges that APCI has nonetheless elected to retain and convert to its own use and benefit the prior collections received as well as dues that members intended would be paid to NIPC. Alleging APCI is liable for conversion and breach of fiduciary duty, NIPC seeks an accounting.

APCI requests a change of venue to the Northern District of Alabama. In support of the motion, APCI submits the Affidavit and Supplemental Affidavit of Susan Smith. She has been employed by APCI since December 2004 as the Accounting Manager and currently as the Chief Financial Officer. She performs the accounting functions for APCI at its office in Bessemer, Alabama, and is an Alabama resident. Smith is assisted by another employee, Vanessa Shoemaker, also an Alabama resident. (Docket Entry No. 10, Smith Aff. ¶¶ 1-2.)

Since December 2004, Smith and Shoemaker have handled the revenues and expenses for NIPC, collected monthly dues from more than 800 APCI members on behalf of NIPC, and paid all NIPC invoices and other expenses. (Id. at ¶ 3.) Before December 2004, NIPC

3

revenues and expenses were handled in Nashville by Smith's predecessor, Ann Gordon, who was employed by APCI as Chief Financial Officer. When she left and those functions were moved to the Bessemer APCI office, the Great Plains accounting software system and server and all accounting files previously located in Nashville were transferred to APCI's office in Bessemer, where they are presently located. (Id. at ¶ 4.)

After December 2004, NIPC forwarded its invoices and monthly bank statements to APCI in Alabama. APCI collected monthly dues for NIPC, wrote and mailed NIPC checks, and paid NIPC board members' stipends. The records pertaining to these transactions are maintained in hard and electronic form at ACPI's office in Alabama. The originals of NIPC invoices are kept alphabetically in vendor files at APCI's office and are co-mingled with APCI invoices. (Id. at ¶¶ 5-7.)

Each month, APCI allocated expenses to NIPC as a percentage of APCI's expenses. All of the records pertaining to the allocations are located in Bessemer. On September 27, 2005, NIPC's board visited APCI's Bessemer office and took control of its own financial affairs. Thereafter, APCI ceased collecting any further dues from APCI members on behalf of NIPC. (Id. at ¶¶ 8-9.)

At the end of September 2005, APCI held $33,061.46 of NIPC's funds in the Colonial Bank in Birmingham. During the transition period through November 15, 2005, APCI continued to pay out of its

4

own payroll account the NIPC executive director's salary and allowed her to receive APCI 401(k) and health insurance benefits through the end of November 2005. NIPC also continued to utilize an APCI corporate credit card, and the billing statement was sent to Bessemer for payment and filing. As a result, NIPC funds were reduced to the current balance of $2,474.53. (Id. at ¶ 9.) APCI's payroll company and certified public accounting firm are also located in Alabama. (Id. at ¶ 10.)

Smith further attests that APCI has nine board members, three of whom live in Birmingham and six of whom live out of state: one each in Georgia, Indiana and Kentucky, and three in Tennessee. APCI deducts dues for NIPC from over 300 APCI independent pharmacy members located in Alabama. NIPC has one employee, Annemarie Cooper, who lives in Nashville and is recently married with no children. NIPC board members live in Mississippi, Tennessee, and Missouri. Two former NIPC board members live in Alabama. (Id. at ¶¶ 5-9, 11.)

Smith is the mother of a twenty-one year old daughter and a fourteen-year old son, both of whom live with her. Shoemaker has two children, six and two years of age. Tim Hamrick, President of APCI, has two children, ages five and three. The Chair of NIPC at the time of these events, Rissa Tamer, has a daughter who currently attends college at Samford University in Birmingham. (Id. at ¶¶ 2-4, 10.)

Case 3:05-cv-01088   Document 25   Filed 07/10/06   Page 5 of 9 PageID #: 104

Annemarie Cooper attests that she is the Executive Director for NIPC, which was chartered as TPC in 1996. TPC had 47 charter members in the group, all of whom were from Tennessee. TPC changed its name to NIPC in May 2002. In December 2005, NIPC had 846 pharmacist members, including 130 in Tennessee. Currently, the NIPC Board of Directors is chaired by Dr. Vicki Upchurch of Crossville, Tennessee, who is a single parent of two children and who runs a pharmacy without any full-time assistance. Cooper attests that Dr. Upchurch is eager to assist in resolving this matter, but she is limited in her ability to travel outside of Tennessee because of her professional and family obligations. (Docket Entry No. 15, Cooper Aff. ¶¶ 2-7.)

Dr. Tamer resides in LaFollette, Tennessee, and is NIPC's immediate past chairperson. Dr. Tamer is a mother of four. Currently three of APCI's board members reside in Tennessee, incuding APCI's Vice Chair, Dr. Ferrell Haile of Gallatin, Tennessee. (Id. at ¶¶ 8-9.)

NIPC claims it has been financially impaired as a result of APCI's handling of NIPC's funds. As a result, NIPC would be strained to fund extensive travel by either its staff or attorneys. Upon Cooper's information and belief, APCI has ample financial resources to support its defense. APCI employs approximately 22 people and leases a 10,000 square foot warehouse/office space. (Id. at ¶¶ 10-12.)

6

## II. APPLICABLE LAW AND ANALYSIS

APCI seeks a change of venue to the Northern District of Alabama under 28 U.S.C. § 1404(a). This statute permits the Court to transfer the case to a district in which it might have been brought if it is necessary for the convenience of the parties and witnesses or the interests of justice. Blane v. American Inventors Corp., 934 F.Supp. 903, 907 (M.D. Tenn. 1996). The burden is on APCI as the moving party to establish the need for a change of forum. Id. NIPC's choice of forum should not be disturbed unless the balance is strongly in favor of APCI. Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

In deciding whether the present forum is inconvenient, the Court must consider the following factors: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the location of the events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice of forum. Id.; Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002); Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991; Moeckel v. Caremark Rx, Inc., 385 F.Supp.2d 668, 686 (M.D. Tenn. 2005). While NIPC's choice of forum should be given weight, this factor is not dispositive. Lewis ACB Business Servs., Inc. 135 F.3d 389, 413 (6th Cir. 1998).

7

This case could have been brought originally in the Northern District of Alabama, where the defendant resides, or in this District, where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a) & (c). The Court considers that NIPC chose to file its lawsuit in this forum, but that is only one factor the Court must evaluate. It appears that the witnesses named as having knowledge about the matters at stake in this lawsuit are all willing witnesses who are primarily residents of Tennessee and Alabama. Both parties have board members who live in Tennessee and Alabama. While the Court is sensitive to child care responsibilities, it appears that witnesses on both sides of the dispute have young children who could be impacted by any necessary travel in the case. No matter in which forum the case is heard, the Court believes that counsel for the parties will be able to make discovery arrangements to limit the amount of time any witness must be away from family or professional obligations.

Documents relating to this lawsuit exist in both districts, although the greater share of the documents appears to be located in Alabama. In many instances, however, it is not unusual for a case to be filed in one forum with most of the pertinent documents located in another. Available technology permits the production of documents in electronic form to ease the burdens of discovery production.

The actions giving rise to this suit took place in both districts. Where the events in question are spread across two districts, the Court cannot say that systemic fairness compels that the lawsuit be heard only in Alabama, particularly when NICP has chosen to litigate here. The case will be tried to the Court, and not a jury, so there are no considerations that come into play with regard to the characteristics and traits of prospective jurors.

### III. CONCLUSION

Because APCI has not carried its burden to convince the Court that the convenience of the parties and witnesses and the interests of justice command transfer of the case to the Northern District of Alabama, APCI's Motion to Transfer (Docket Entry No. 9), will be DENIED.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE